**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

_____

ENRIQUE COETO HERRERA,　　　:
　　　　　　Petitioner,　　　　　　:
　　　　　　　　　　　　　　　　:
　　v.　　　　　　　　　　　　　:　　No.　　2:26-cv-4677
　　　　　　　　　　　　　　　　:
J. L. JAMISON, _Warden, Federal Detention_ :
_Center, Philadelphia_; BRIAN MCSHANE,　:
_Acting Field Office Director of Enforcement_ :
_and Removal Operations, Philadelphia Field_:
_Office United States Immigration and_　　:
_Customs Enforcement_; MARKWAYNE　:
MULLIN, _Secretary, Department of_　　:
_Homeland Security; and_ TODD BLANCHE,:
_U.S. Attorney General_:　　　　　　　:
　　　　　　Respondents.　　　　　:
_____

**O R D E R**

**AND NOW,** this 13th day of July, 2026, upon consideration of the Petition for Writ of

Habeas Corpus pursuant to 28 U.S.C. § 2241, ECF No. 1;[1] the Government's Response in

Opposition, ECF No. 5;[2] Petitioner's Reply to the Government's Response, ECF No. 6, and for the

reasons set forth in this Court's Opinions issued in _Restrepo v. Jamison_, No. 2:25-cv-06518, 2026

---

[1]　　Petitioner Enrique Coeto Herrera, a citizen of Mexico, entered the United States without inspection in 2012. _See_ Pet. ¶ 1, ECF No. 1. Petitioner was not apprehended by border patrol. _Id._ at ¶ 2. Since entering the country, he has lived in Philadelphia, Pennsylvania. _See id._ at ¶ 4. He now lives with his partner and together they have a one-year old daughter, who is a United States Citizen. _Id._ at ¶ 5. On July 3, 2026, around 7:00 a.m., Petitioner was arrested and detained by ICE agents "when he was picking up a co-worker to go to work." _Id._ at ¶ 2. He is currently in the custody at the Federal Detention Center in Philadelphia, Pennsylvania. _Id._ at ¶ 3. Petitioner alleges that aside from this arrest, he has no criminal history, has never been in immigration proceedings, and is gainfully employed. _Id._ at ¶¶ 6-7.

　　Petitioner is currently being held in ICE custody without bond having been set. Prior to his July 3, 2026, arrest, Petitioner was never apprehended, arrested, detained, or paroled by DHS and had no prior encounters with DHS. _See id._ ¶¶ 1-16. Petitioner has not separately applied for lawful status in the United States in any form. _See id._ Petitioner filed the instant petition on July 6, 2026. _See_ Pet. He alleges that his detention violates the Immigration and Nationality Act (INA) and the Fifth Amendment Due Process Clause. _See id._ ¶¶ 60-68.

[2]　　On July 8, 2026, Respondents filed their Response, arguing that the Court should deny habeas relief because: (1) Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2); and (2) Petitioner's detention does not violate Constitutional due process requirements. _See_ ECF No. 5.

WL 141803 (E.D. Pa. Jan. 20, 2026) and *Mirdjalilov v. Federal Detention Center Philadelphia, et al.*, No. 2:25-cv-07068, 2026 WL 184249 (E.D. Pa. Jan. 23, 2026), which are incorporated in their entireties herein;[3] **IT IS ORDERED THAT**:

The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**,[4] as follows:

1.      Petitioner Enrique Coeto Herrera is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2), and instead may be detained, if at all, pursuant to the discretionary provisions of 8 U.S.C. § 1226(a);[5]

2.      **Within seven (7) days of the date of this Order**, the Government SHALL provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a);

---

[3]     These opinions addressed similar habeas claims and rejected the Government's arguments, which are substantially the same as those brought in the above-captioned action. These opinions represent only two of dozens of analogous cases decided similarly in this District. In a manner consistent with other recent decisions in this District, this Court found that that the petitioners' continued detentions without a bond hearing violated the INA and Fifth Amendment due process protections and that such petitioners—*i.e.*, aliens who had been present in the United States for several years leading up to their detention—were not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2). (The Court also found in these opinions that it has jurisdiction over such actions pursuant to 28 U.S.C. § 2241, that neither 8 U.S.C. §§ 1252(a), (b)(9), nor (g) strip the Court of jurisdiction, and that exhaustion is not required. The Government chose not to make these arguments in the instant case. *See* ECF No. 5, at 5 n.5.).

[4]     Petitioner's continued detention without a bond hearing violates the INA. As he is entitled to habeas relief on this basis, the Court will not reach the merits of Petitioner's claims based on violations of his Fifth Amendment due process rights. Since the INA violation is based on the lack of a bond hearing, the Court will order one. If a bond hearing is not timely held, Petitioner shall be released from custody.

[5]     Unlike the habeas petitioners in *Restrepo*, No. 2:25-cv-06518, and *Mirdjalilov*, No. 2:25-cv-07068, here Petitioner has no pending application for citizenship or asylum—in fact, he has never independently applied for lawful status in the United States; he has only become a parent to a United States citizen. *See* Pet. Regardless, he cannot be said to be "seeking admission" as required for the Government to detain him under 8 U.S.C. § 1225(b)(2). He is not "taking active steps to obtain entry into the United States," but rather, "entered the United States in [2022] and has lived here ever since. . . . Section 1225 therefore does not apply to him." *See Quevedo Rivera, Derix Antonio v. Jamison*, No. 26-1653, 2026 WL 782166, at *3 (E.D. Pa. Mar. 19, 2026) (finding that a factually similar petitioner, who entered the United States without inspection and lived here undetected by DHS for several years, was not subject to the mandatory detention provision of 8 U.S.C. § 1225(b)(2) but the discretionary detention provision of 8 U.S.C. § 1226(a), because he was already present here (citing *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).

3.      If a bond hearing is not held before an Immigration Judge within seven (7) days, the Government shall immediately RELEASE Petitioner from ICE custody; and

4.      The Clerk of Court shall mark this case **CLOSED**.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge